UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA NICOLE WILLIAMS,

    Plaintiff,

v.                                               Case No: 2:18-cv-369-FtM-UAM

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Melissa Nicole Williams, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB and an application for SSI on November 5, 2013. (Tr. 224-36). In both applications, Plaintiff alleged a disability onset date of January 15, 1996. Plaintiff's applications were denied initially on March 25, 2014, and upon reconsideration May 20, 2014. (Tr. 153-55, 157-59, 163-67, 170-74). Plaintiff requested a hearing, and, on April 6, 2016, an administrative hearing was held before Administrative Law Judge Maria C. Northington ("the ALJ"). (Tr. 38-92). On July 15, 2016, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 15-37). Plaintiff requested review of the ALJ's decision, and, on June 30, 2017, the Appeals Council denied review of the ALJ's decision. (Tr. 6-11). Plaintiff initiated this action by Complaint (Doc. 1) on May 24, 2018.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 5, 2013, the amended alleged onset date. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder with psychotic features, anxiety, and post-traumatic stress disorder. (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21-22).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform

> medium work that includes lifting and carrying up to 50 pounds occasionally and 25 pounds frequently as defined in 20 CFR404.1567(c) and 416.967(c). If someone can do medium work, it is opined that this person can also perform light and sedentary work that are inclusive within this exertional level. There are no limits for sitting in an eight-hour workday. The claimant is capable of performing all postural functions with the exception of no climbing of ladders, ropes, or scaffolds. The claimant is to perform no work that would involve hazardous situations, such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. Secondary to her mental impairments, the claimant retains the capacity to understand, remember, and carryout simple instructions, and perform simple, routine tasks as consistent with unskilled work. In the course of work, the claimant is to have no contact with the public and only occasional contact with coworkers and supervisors, occasional being defined as occasional interaction and coordination, but not necessarily proximity to the same.

(Tr. 24). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 30).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as hand-packager, cleaner II, inspector hand packer, shirt presser, lens inserter, document preparer microfilm/canning documents. (Tr. 31). The ALJ concluded that Plaintiff had not been under a disability from November 5, 2013, the amended alleged onset date, through July 20, 2016, the date of the ALJ's decision. (Tr. 31-32).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to formulate a RFC supported by substantial evidence. (Doc. 25 p. 10-28). Plaintiff argues that the ALJ failed to

state with particularity legally sufficient reasons for discrediting Plaintiff's subjective testimony. (Doc. 25 p. 15-21). Further, Plaintiff argues that the ALJ erred by rejecting the supportive opinions of consultative examiners, Drs. Kelly and Bowman. (Doc. 25 p. 21). In response, Defendant argues that the ALJ properly evaluated Plaintiff's subjective allegations and medical source opinions. (Doc. 25 p. 30).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).

"A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

Here, the Court finds no error in the ALJ's analysis of Plaintiff's subjective complaints. In her decision, the ALJ explained that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record. (Tr. 25). Further, the ALJ explained that in reaching her decision, she specifically considered the effects of Plaintiff's impairments, both separately and in combination, and found that the record only supports functional limitations to a degree consistent with the RFC. (Tr. 25-26). The ALJ proceeded to conduct a thorough review of the medical evidence of record, citing instances in the record providing substantial evidence supporting the ALJ's evaluation of Plaintiff's subjective complaints. For example, the ALJ noted that in May of 2011, Kenneth Gold, M.D., a treating psychiatrist, noted Plaintiff was worrisome and sad, but had normal behavior, though content, cognitive function and judgment. (Tr. 529-30). The ALJ noted that in September of 2012, Plaintiff was evaluated by examining psychologist Nancy Kelly Psy.D., an examining psychologist who noted a dysphoric affect, dysthymic mood, and impaired memory, but also found Plaintiff had normal thought processes, below average cognitive functioning, and fair judgment. (Tr. 375-76). The ALJ noted that in January 2014, Stanley Rabinowitz, M.D., examining physician, found that Plaintiff was oriented x3, had intact memory, appropriate appearance, exhibited no behavioral difficulties during the examination, and was able to relate during the examination. (Tr. 27, 442-45).

Further, the ALJ noted that in March 2014, Paula Bowman, Psy.D., an examining psychologist, noted that Plaintiff was uncooperative, anxious, had depressed mood, but normal thought processes, moderate impairment of attention/concentration and memory, and below average cognitive functioning. (Tr. 27). The ALJ noted that Plaintiff sought infrequent mental

health care, and took medication prescribed to a "friend". (Tr. 24-30, 59, 442, 480). Additionally, the ALJ noted activities including making and selling jewelry, shopping, fishing, and caring for pets. (Tr. 24-30, 74-75, 376, 452).

The Court turns now to Plaintiff's arguments concerning the ALJ's treatment of the opinions of consultative examiners Drs. Kelly and Bowman. The record shows that Dr. Kelly opined in September 2012 that Plaintiff may have marked difficulties maintaining attention, performing complex tasks independently, making appropriate decisions, and appropriately dealing with stress. (Tr. 376). She opined that Plaintiff may have moderate difficulties relating adequately with others. (Tr. 376). Dr. Bowman opined in March 2014 that Plaintiff has marked difficulty relating adequately with others and appropriately coping with stress; moderate to marked difficulty making appropriate decisions; and moderate difficulty maintaining attention and concentration, maintaining a regular schedule, and learning new tasks. (Tr. 452).

In her decision, the ALJ summarized the medical evidence from Drs. Kelly and Bowman and explained the weight she accorded these opinions as follows:

> The undersigned gives little weight to the "marked" opinions of Dr. Nancy Kelly and Dr. Paula Bowman, the consultative examiners, as their opinions are inconsistent with the subsequent medical records, which show the claimant's condition improved with medication compliance; and the claimant's extensive activities of daily living. Any marked limitation is inconsistent with these providers' mental status examinations (Ex. 4F, 11F). The undersigned concurs with Dr. Bowman that the claimant is vocationally capable of following and understanding simple instructions and tasks independently. It bears noting that the 2015 to 2016 mental health progress notes show improvement with medication compliance.

(Tr. 30).

Here, the Court finds no error in the ALJ's decision to accord little weight to Dr. Kelly and Dr. Bowman's "marked" limitation findings. First, as Dr. Kelly and Dr. Bowman were not treating sources, their opinions were not entitled to any special deference. *See McSwain v. Bowen*, 814 F.2d

617, 619 (11th Cir. 1987). Nevertheless, the ALJ discussed their findings and length and explained the weight he accorded their opinions. Plaintiff has failed to show that substantial evidence does not support their opinions. Accordingly, the Court will not remand for the ALJ to re-evaluate their opinions.

In reviewing the ALJ's decision, the issue is not whether an alternative decision can be supported by the record, but whether the ALJ's decision is supported by substantial evidence. *See Taylor v. Comm'r of Soc. Sec.*, 2014 WL 7273917, at *5 (M.D. Fla. Dec. 19, 2014). While Plaintiff provides multiple citations to the record to show she is more limited than determined by the ALJ, it does not follow that the ALJ erred in considering the evidence. As noted above, even "[i]f the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). Here, the ALJ's findings are supported by an analysis providing substantial evidence.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties